UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALDSON COMPANY, INC., | Civil No. 04-5061 (PJS/RLE) |
| Plaintiff, | |
| v. | CONSENT JUDGMENT |
| THERMO ENGINE SUPPLY, INC. | |
| Defendant. | |

WHEREAS, plaintiff Donaldson Company, Inc. ("Donaldson") has charged defendant Thermo Engine Supply, Inc. ("Thermo Engine" or "TES") with infringement of United States Patent No. 6,419,718 ("the '718 patent") and United States Patent No. D485,339 ("the '339 patent") by virtue of Thermo Engine's using, importing into the United States, offering for sale and/or selling replacement air filter elements, including TES part number 10-11-9300;

WHEREAS, the Court has been advised that the parties have consented to entry of this Judgment;

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are appropriate to settle and dispose of all disputes between Donaldson and Thermo Engine in this action;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  This Court has jurisdiction over the subject matter of this action, and personal jurisdiction over the parties. Venue is proper in this District.

2.  Donaldson owns the '718 patent and '339 patent, and Donaldson has standing to bring this action.

3. The '339 patent is valid and enforceable. Thermo Engine hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the '339 patent. Thermo Engine hereby irrevocably waives the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the '339 patent is invalid or unenforceable, regardless of the product at issue in such other action. Thermo Engine hereby irrevocably waives the right to directly or indirectly aid, assist or participate in any action contesting the validity and/or enforceability of the '339 patent.

4. Thermo Engine has infringed the '339 patent by using, importing into the United States, offering for sale, and/or selling TES part numbers 10-11-9300 and 10-12-9300.

5. Thermo Engine and its officers, agents, and employees, and those persons in active concert or participation with them who receive actual notice hereof, are hereby permanently enjoined from infringing the '339 patent. Thermo Engine shall cease immediately any activities that directly or indirectly constitute, or induce or assist others in making, using, importing, offering for sale, and/or selling TES part numbers 10-11-9300 and 10-12-9300 or any other products only colorably different from TES part numbers 10-11-9300 and 10-12-9300 except as provided in Paragraph 6. This injunction shall not extend beyond the dates of the expiration of the '339 patent.

6. Within five (5) days from the filing of this Consent Judgment, Thermo Engine shall serve upon the undersigned counsel for Donaldson a written

declaration, verified under penalty of perjury, confirming that Thermo Engine has complied with all terms of this Judgment, and that Thermo Engine has: (a) ceased all importation, use, manufacture, offers for sale, and sales of TES part numbers 10-11-9300 and 10-12-9300; and (b) destroyed the outer caps of all TES part numbers 10-11-9300 and 10-12-9300 or distributed its entire supply to Donaldson of all TES part numbers 10-11-9300 and 10-12-9300.

7. Thermo Engine voluntarily relinquishes its right to appeal this Judgment, or to challenge it in this Court or in any subsequent legal proceeding. Donaldson also agrees not to appeal from this Judgment. Donaldson on its own behalf, and on the behalf of its past and present subsidiaries and parent corporations, directors, officers and employees, hereby knowingly and voluntarily releases, and forever discharges Thermo Engine, and its past and present subsidiaries and parent corporations, directors, officers, employees and customers, from any and all claims, demands or causes of action, arising from the '718 patent and '339 patent (or any continuations, continuations-in-part, divisionals, reissues, reexaminations or extensions relating thereto) prior to the effective date of this Judgment.

8. If Thermo Engine is found by the Court to be in contempt of, or otherwise to have violated this Judgment, Donaldson will suffer irreparable harm. Thus, in addition to the other remedies available to Donaldson for contempt or violation of this Judgment, Thermo Engine consents to entry of a Temporary Restraining Order and a Preliminary Injunction. In addition, Donaldson shall be

entitled, in addition to any damages caused by Thermo Engine's contempt or violation of this Judgment, to recover its attorneys' fees, costs and other expenses incurred in enforcing this Judgment.

      9.      Other than as set forth in Paragraph 8 of this Judgment, the parties shall each bear their own attorneys' fees, costs and expenses in this action.

      10.     This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August  8 , 2006       s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**

By: *s/ Theodore M. Budd*   By: *s/ John M. Weyrauch*

*Attorneys for Plaintiff*
FAEGRE & BENSON LLP
Julie Knox Chosy (# 225228)
Theodore M. Budd (# 314778)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

*Attorneys for Defendant*
DICKE, BILLIG & CZAJA, PLLC
John M. Weyrauch (# 221879)
Fifth Street Towers, Suite 2250
100 South Fifth Street
Minneapolis, MN 55402
(612)-573-2000